UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Power up Lending Group, LTD., <br><br> Plaintiff, <br><br> -v- <br><br> Parallax Health Sciences, Inc. and Paul R. Arena, <br><br> Defendants. | 2:20-cv-3259 <br> (NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

On July 23, 2024, this Court ordered Defendants Parallax Health Sciences, Inc. ("Parallax") and Paul R. Arena ("Arena," and together, "Defendants") to show cause in writing by August 6, 2024 why this action should not be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 12) because the Notice of Removal and Complaint (ECF No. 1) allege only Arena's residency, not his domicile, and it is well-established that "residence alone is insufficient to establish domicile for jurisdictional purposes," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). (Order to Show Cause, July 23, 2024.)

On August 6, 2024, Arena—who has been in default since May 2, 2022 (ECF No. 34)—suddenly appeared and filed a timely declaration in response to the July 23, 2024 order to show cause arguing that, "[b]eginning on June 2019 and continuing through May 2020," he was domiciled in New York and therefore this Court lacks subject matter jurisdiction. (ECF No. 47 ¶ 5.) Plaintiff Power up Lending Group LTD. ("Power up") opposed Arena's response on August

8, 2024, arguing that Arena was domiciled in Florida at the time, and therefore this Court has subject matter jurisdiction. (ECF No. 48.)

"[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Van Buskirk*, 935 F.3d at 53 (quotation marks omitted). The party invoking jurisdiction bears the burden of establishing complete diversity by a preponderance of the evidence and a change in domicile by clear and convincing evidence. *Id.* at 56 n.3. "Complete diversity requires that all plaintiffs . . . be citizens of states diverse from those of all defendants." *Id.* at 53 (quotation marks omitted). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or, "in other words[,] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quotation marks and alterations omitted). "A person has only one domicile at any given moment, though it may change." *Id.* "[I]n cases removed to federal court from state court on the basis of diversity jurisdiction, diversity of citizenship need be established only at the time of removal, and not at the time that the initial pleading was filed in state court." *Wright v. Musanti*, 887 F.3d 577, 585 (2d Cir. 2018).

As the party asserting diversity jurisdiction in the Notice of Removal, Arena bears the burden of establishing complete diversity by a preponderance of the evidence. *Van Buskirk*, 935 F.3d at 56 n.3. The Notice of Removal states that Power up is a Virginia corporation headquartered in New York, that Parallax is a Nevada corporation headquartered in California, and that Arena "resides in the State of California, city of Santa Monica." (ECF No. 1 ¶ 4.) Therefore, the relevant question concerns where Arena was domiciled on July 21, 2020, when Defendants removed this case from state court by invoking this Court's diversity jurisdiction.

*Wright*, 887 F.3d at 585. If Arena was domiciled in Virginia or New York, then the parties were not completely diverse and this Court lacks subject matter jurisdiction over this action.

Arena's declaration does not establish by a preponderance of the evidence that his domicile at the time of the filing of the Notice of Removal was New York or any other state. In his submission, Arena declares that he moved his family from New York to Florida in May 2020, but continued to maintain a "primary residence" in New York while living with his family in Florida. (ECF No. 47 ¶¶ 5–7, 9–10, 16.) Arena further declares that in 2020, he paid New York state and city taxes and maintained a New York driver's license. (*Id.* ¶¶ 9, 16–17.)

The declaration fails to establish Arena's domicile for two reasons. First, Arena submits no additional documentation supporting his allegations. *See Ratcliff v. Greyhound Bus Lines, Inc.*, 792 F. App'x 121, 122 (2d Cir. 2020) (finding plaintiff did not allege domicile for diversity where he argued that his voter registration and tax returns showed that he was domiciled in New York, but he did not offer any evidence supporting this claim). Second, the declaration makes no reference to Arena's intention to remain anywhere—let alone in New York—permanently. *Cf. McWilliams v. Gonzalez*, No. 21-cv-1135, 2022 WL 1718037, at *4 (D. Conn. May 27, 2022) (finding that plaintiff sufficiently alleged he was domiciled in Georgia where he included evidence of a lease and his daughter's enrollment in an Atlanta school, and swore under oath, that "at the time service was made, [he] was and continue[s] to be a citizen of the State of Georgia with a permanent home with no intent to return to the State of Connecticut."). The only further allegation in the declaration about New York is that Arena returned in January 2021 to vacate his apartment. (ECF No. 47 ¶ 18.) There is nothing in the declaration, however, about Arena's intent to return to New York at the time that Defendants filed the Notice of Removal to this Court. (*See* ECF No. 47.) Because the declaration does not establish the place where Arena

3

"has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," it fails to establish his domicile anywhere for the purposes of diversity jurisdiction. *Van Buskirk*, 935 F.3d at 53.

Because Arena's declaration does not establish his domicile anywhere, let alone in New York, this Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, this case is remanded back to the Supreme Court of New York, Nassau County, Index No. 606060/2020.

Dated: Central Islip, New York
       August 23, 2024

                */s/ Nusrat J. Choudhury*
                NUSRAT J. CHOUDHURY
                United States District Judge